IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kevin M. Williamson, :

    Plaintiff, :

  v. : Case No. 2:12-cv-0244

Commissioner of Social : JUDGE JAMES L. GRAHAM
Security, Magistrate Judge Kemp
:
    Defendant.

OPINION AND ORDER

    Plaintiff, Kevin M. Williamson, filed this action seeking review of a decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. On December 7, 2012, the Magistrate Judge recommended that the Commissioner's decision be affirmed. Plaintiff filed objections to that recommendation. For the following reasons, plaintiff's objections will be overruled.

I.

    If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

    The Court's review of the underlying decision "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234,

241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 651 (6th Cir. 2009), quoting Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 746 (6th Cir. 2007).

II.

The Report and Recommendation accurately summarizes the testimony given at the administrative hearing and the medical records, and that summary will be repeated here only briefly. Plaintiff was 43 years old at the time of the administrative hearing and had a tenth grade education.  He had worked for years as a roofer but could not continue to do so because of a seizure disorder.  He also reported problems with his knees and his back, but at the time of the hearing he was not on any medication, including anti-seizure medication. He had been in special education classes in school, and there were various IQ tests reported in the record, some of which produced scores of 70 or below. He achieved one such score, on the non-verbal portion of the IQ test, while still in high school, and he scored below 70 on all three parts of

-2-

an IQ test administered to him in 2007 by a consultative examiner, Dr. Reece. However, Dr. Reece diagnosed borderline intellectual functioning rather than mild mental retardation.

The ALJ found that plaintiff did not meet the requirements of Section 12.05(C) of the Listing of Impairments, one component of which is scoring 70 or below on an IQ test coupled with deficits in adaptive functioning manifesting themselves prior to age 22. More specifically, the ALJ concluded that "the record in this case also fails to document adaptive deficits, either currently or prior to age 22, as required by Listing 12.05(C)." (Tr. 18). Plaintiff contested that finding in his statement of errors, and repeats that argument in his objection to the Report and Recommendation.

### III.

The Magistrate Judge analyzed the issue this way, commenting on plaintiff's argument that there is evidence in the record from which a reasonable person could conclude that plaintiff had deficits in adaptive functioning prior to age 22:

> As the Commissioner's memorandum points out, the question is not whether there is evidence which would support a finding of such deficits, but whether there is evidence which could lead a reasonable person to the opposite conclusion. See Johnson v. Comm'r of Social Security, 652 F.3d 646, 648 (6th Cir. 2011)("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion"). Here, the Commissioner correctly points out that no one has ever diagnosed plaintiff as suffering from mental retardation; even with his low IQ scores as an adult, he was diagnosed with borderline intellectual functioning. The mental health experts who examined him or expressed opinions about his functional capacity all concluded that he had only mild to moderate limitations in most work-related areas of functioning, with the exception of dealing with complex job instructions. The evidence about plaintiff's activities of daily living and ability to work for a substantial number of years, while it might not justify invalidating an otherwise valid IQ test score, does

>	relate directly to whether plaintiff can function at an adequate level. See, e.g., West v. Comm'r of Social Security, 240 Fed. Appx. 692, *5 (6th Cir. July 5, 2007), citing Heller v. Doe by Doe, 509 U.S. 312, 329 (1993) for the proposition that "[a]daptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills," and that the ability to work on a daily basis, to care for daily needs, to shop, and to interact with others are all consistent with the absence of deficits in adaptive functioning.
>
>	In short, plaintiff's argument amounts to a disagreement with the ALJ about how to interpret the evidence of record. There is likely enough evidence here to support a finding that plaintiff had at least some deficits in adaptive functioning prior to age 22, but the ALJ did not have to accept that evidence as determinative. Rather, the ALJ was entitled to (and required to) consider all of the evidence of record, including the evidence which weighs against a finding that plaintiff suffered from mental retardation as defined in Listing 12.05, and to make a reasonable finding that the Listing had not been satisfied. Because that is exactly what happened here, there is no basis for reversal or remand, and the Commissioner's decision denying benefits must be affirmed.

Report and Recommendation, Doc. 19, at 8-9.

In arguing that the Magistrate Judge erred, plaintiff seizes on the proposition that the ALJ was required to consider all of the evidence in making a finding about whether Listing 12.05(C) was satisfied. Plaintiff argues that the ALJ failed to do so, and that he disregarded much of plaintiff's testimony about his inability to function adequately due to his difficulties with reading, writing, and managing household finances, and also ignored the fact that plaintiff's mother completed the questionnaires submitted in support of his disability claim. The Court finds this argument unavailing.

First, the ALJ made a specific finding that even if there were evidence of adult mental retardation - and that is what the

plaintiff's citations to his testimony tend to show - such evidence "is not dispositive absent evidence of significantly subaverage mental functioning/deficits of adaptive functioning prior to age 22." (Tr. 18). That is a correct statement of the law. See Foster v. Hater, 279 F.3d 348 (6th Cir. 2001), cited in the ALJ's decision. The ALJ also relied on evidence that plaintiff does not currently suffer from mental retardation, including the fact that plaintiff is able to do household tasks, prepare meals, and drive, and that he worked steadily for many years prior to the onset of his seizure disorder.

More significantly, although it is true that "[a]n ALJ's failure to consider an entire line of evidence falls below the minimal level of articulation required," see Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995), at the same time "an ALJ is not required to discuss every piece of ... evidence...." Karger v. Comm'r of Social Security, 414 Fed. Appx. 739, 753 (6th Cir. Feb. 10, 2011). As the Court of Appeals stated in Kornecky v. Comm'r of Social Security, 167 Fed. Appx. 496, 507-08 (6th Cir. February 9, 2006), "it is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party,'" quoting Loral Defense Systems-Akron v. NLRB, 200 F.3d 436, 453 (6th Cir. 1999), and "an ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). Put a different way, as this Court has held, "there is a distinction between what an ALJ must consider and what an ALJ must cite to in a written decision." Swartz v. Comm'r of Social Security, 2011 WL 4571877, *7 (S.D. Ohio August 18, 2011), adopted and affirmed 2011 WL 4571873 (S.D. Ohio Sept. 30, 2011).

The Court finds that, in this case, "the ALJ's opinion as a whole sufficiently addressed the evidence and consisted of more than mere conclusory statements." See Carroll v. Astrue, 2010 WL

2643420, *11 (July 1, 2010).  The ALJ was certainly aware of plaintiff's testimony at the administrative hearing, and the mere fact that the ALJ cited to those portions of that testimony which supported his finding does not mean that he was unaware of or totally disregarded the balance of the plaintiff's testimony.  In order to succeed on the argument presented in his objections, plaintiff would have to convince the Court that the ALJ's factual findings were not based on a consideration of all of the evidence and that the ALJ ignored, rather than simply rejected, the evidence which favored plaintiff's view of the case.  Cf. Sims v. Astrue, 2011 WL 1256655, *8 (N.D. Ohio March 31, 2011)(finding that the ALJ's failure directly to address certain pieces of evidence was not reversible error because the "factual findings as a whole" showed that the ALJ rejected that evidence).  The same is true here.  The ALJ's factual findings as a whole, and his discussion of the various items of both lay and expert evidence dealing with the question of mental retardation, show that he considered the record as a whole and implicitly rejected that evidence showing that plaintiff had some deficits in functioning in favor of other evidence showing that he did not, and that a diagnosis of mild mental retardation, even as an adult, was not justified.  Given that the ALJ did not entirely disregard or ignore this entire line of evidence, the fact that every piece of evidence favorable to the plaintiff was not specifically cited and rejected provides no basis for a remand.

IV.

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which plaintiff objected, the Court **OVERRULES** the objections (Doc. 20) and **ADOPTS AND AFFIRMS** the Report and Recommendation (Doc. 19). The plaintiff's statement of specific errors (Doc. 12) is **OVERRULED** and this case is **DISMISSED**. The Clerk is directed to enter judgment in

favor of the defendant.

**IT IS SO ORDERED.**

Date: January 31, 2012                              s/James L. Graham
                                         James L. Graham
                                         United States District Judge